```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

| | |
|---|---|
| **MICHAELA DURHAM,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. 19-2243-MSN-tmp |
| | ) |
| **ALCO MANAGEMENT FOR BREEZY** | ) |
| **POINT APARTMENTS,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

                    REPORT AND RECOMMENDATION
_____

Plaintiff Michaela Durham filed a *pro se* complaint and a motion to proceed *in forma pauperis* on April 18, 2019. (ECF Nos. 1 & 2.) This court granted the motion to proceed *in forma pauperis* on April 23, 2019. (ECF No. 6.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

## I. PROPOSED FINDINGS OF FACT

Durham's complaint indicates that she is bringing a civil

case based on federal question jurisdiction. (ECF No. 1 at 2.) In the space designated for listing the specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue, Durham states: "The plaintiff's civil rights are being violated and discriminatory/retaliatory tactics are being used to evict the plaintiff." (Id. at 3.) Durham's statement of the claim reads in its entirety: "The plaintiff which was the defendant in the civil courts, the matter of eviction was heard in the lower courts, and the case the civil rights violation was not allowed to be addressed, so the plaintiff is filing the matter with the Federal Courts for help in ruling." (Id. at 4.) Durham requests "a fair trial to be set to hear the matter." (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as

- 2 -

true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, pro so litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

Durham's complaint fails to identify any specific statute, constitutional provision, or any other federal cause of action

- 3 -

as a basis for her claims. And her complaint is wholly lacking in details or factual support from which the court could reasonably infer that the defendant is liable for some alleged misconduct. Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369. Rather, the complaint contains only "a blanket assertion[] of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Because such conclusory allegations are insufficient to state a plausible claim for relief, the complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Iqbal, 556 U.S. at 679.

**C.   Subject Matter Jurisdiction**

The complaint should also be dismissed for lack of subject matter jurisdiction. At any time and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction. See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). This court appears to lack diversity jurisdiction because there is no indication that the parties are citizens of different states and because Durham seeks only equitable relief. See 28 U.S.C. § 1332(a)(1). As discussed

above, no federal question is apparent from the face of the complaint.  See Kitzmann v. Local 6-19M Graphic Comms. Conf. of Intern. Brothers of Teamsters, 415 F. App'x 714, 716 (6th Cir. 2011).   Therefore, this court lacks federal-question jurisdiction.  Moreover, because there appears to be no basis for asserting original jurisdiction over this case, supplemental jurisdiction would likewise be inappropriate.  See 28 U.S.C. § 1367(a).

### III. RECOMMENDATION

For the reasons above, it is recommended that plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 23, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**