IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DISTRICT

MICHAELA DURHAM,

    Plaintiff,

v.                                        No. 2:19-cv-02243-MSN-tmp

ALCO MANAGEMENT FOR BREEZY
POINT APARTMENTS,

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

Before the Court is the Magistrate Judge's Report and Recommendation, filed April 23, 2019. (ECF No. 7.) The Report recommends that Plaintiff's *pro se* complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 Fed.Appx. 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no

objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.  *See id.* at 151.

The deadline to object to the Report has passed, and neither Plaintiff nor Defendant filed objections.  The Court has reviewed the Report for clear error and finds none.  For the foregoing reasons, the Court **ADOPTS** the Report and *sua sponte* **DISMISSES** Plaintiff's *pro se* complaint.

This Court granted Plaintiff's motion to proceed *in forma pauperis* on April 23, 2019.  (ECF No. 6.)  28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith.  The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id.*  The same considerations that lead this Court to dismiss Plaintiff's complaint *sua sponte* also compel this Court to conclude that if Plaintiff appeals, then that appeal would not be taken in good faith.  It is therefore, **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff could not proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 8th day of May, 2019.

s/ Mark S. Norris
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE